(89 South. 303)

**LITTLE v. STATE.　(7 Div. 687.)**

(Court of Appeals of Alabama.　Feb. 8, 1921. Rehearing Denied April 5, 1921.)

</div>

1. **Criminal law ⬳367—Evidence of assaulted person's condition admissible as res gestæ and to show intent.**

On a trial for assault with intent to commit murder, the injured person's testimony that he regained consciousness the next day at the hospital, but that at the time of trial the blow still affected his head and eyes, and that he could not see as well as before he was struck, was admissible, as the condition of the assaulted person was one way of showing the extent of the assault and injury therefrom, and these are the res gestæ of the thing charged, and the extent of the injury tended to prove the intent of the assault.

2. **Criminal law ⬳448(13)—Statements as to extent and effect of injuries held not to be conclusions.**

Testimony of a witness as to the extent of his injuries and how they affected him at the time of trial of his assailant are not conclusions, but shorthand rendering of the facts.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Criminal law ⬤⟞1170½(2)—Refusal to exclude question held cured by answer.**

Refusal to exclude a question to which the witness answered that he did not remember was, if error, harmless.

**4. Criminal law ⬤⟞720(9)—Objection to argument which was fair inference properly overruled.**

Where the argument of counsel in a prosecution for assault with intent to murder was a fair inference from the evidence, the overruling of an objection to it was proper.

**5. Criminal law ⬤⟞723(1) — Argument as to how juror would feel properly excluded.**

A ruling of the trial court that counsel may not argue on the basis of how any individual juror feels, but may argue on the effect of the matter on society, is proper.

**6. Criminal law ⬤⟞829(1)—Refusal of instructions covered by those given not error.**

The refusal of instructions fully covered by the oral charge or by charges given is not error.

Appeal from Circuit Court, DeKalb County; W. W. Harralson, Judge.

Clyde Little was convicted of assault with intent to murder, and he appeals. Affirmed. Certiorari denied 206 Ala. 134, 89 South. 304.

Appleton & Presley and Isbell, Scott & Downer, all of Ft. Payne, for appellant.

The court erred in admitting the testimony of the assaulted party as to injury, etc. 17 Ala. App. 394, 85 South. 830. Counsel discuss other assignments, but without further citation of authority.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. [1, 2] Upon the trial the injured party, when being examined as a witness, was permitted, over the objection and exception of defendant, to testify that he regained consciousness from the blow the next day at the hospital; that he had not recovered from the wound at the time of the trial; that it still affected him by hurting, and his eyes "bothered him"; that he could not see as well as before he was struck. The condition of the assaulted party as a result of the assault was one method of showing the nature and extent of the assault and the injury incident therefrom, and these things were of the res gestæ of the offense charged. Phillips v. State, 161 Ala. 60, 49 South. 794; Phillips v. State, 170 Ala. 5, 54 South. 111. The extent of the injury was also relevant, as tending to prove the intent of the assault. Brown v. State, 142 Ala. 294, 38 South. 268; Meredith v. State. 60 Ala. 441; Jackson v. State, 94 Ala. 94, 10 South. 509. Neither were these answers conclusions of the witness, but were shorthand rendering of the facts.

[3] The question asked the witness Chitwood, a state's witness, by the solicitor was answered, "I don't remember," and therefore was not evidence one way or another, and the refusal of the court to exclude it was, if error, harmless.

[4] The solicitor in argument to the jury said: "Why did the defendant carry George Chitwood and these other boys down there?" This was a fair inference from all the evidence in the case, and the court properly overruled the objection.

[5] The court, in ruling on an objection to a remark of the solicitor, said: "Yes, it is no difference how any individual juror feels or would like to be treated. You can argue the effect it would have on society," etc. This was entirely proper. It is the duty of the court to direct the trial and to keep the argument of counsel within legal rules.

From this record we see no evidence of undue passion or prejudice towards the defendant growing out of the argument of the solicitor that demanded the withdrawal of the case from the jury and hence defendant's motion to that effect was properly overruled.

[6] Charge 2 was fully covered in the oral charge of the court, and in given charge 1. If not in the exact language, it was in such language as that the jury could not fail to understand. Charge 3 refused to defendant was substantially given in charges 4 and 6, and was fully covered in the court's oral charge.

The court not having committed error in its several rulings on the trial, and the evidence for the state being sufficient to sustain the verdict, this court cannot say that the trial court erred in refusing the motion for a new trial.

We find no error in the record and the judgment is affirmed.

Affirmed.

---

⬤⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes