187 So. 641

## DUNN v. STATE.

### 4 Div. 462.

Court of Appeals of Alabama.
Nov. 8, 1938.

Rehearing Denied Dec. 20, 1938.

Ralph A. Clark, of Andalusia, for appellant.

A. A. Carmichael, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The defendant together with three others was indicted by the Grand Jury of Covington County under an indictment containing three counts.

The first count charged grand larceny of certain property from the store house of H. H. Bowman. The second count charged that the defendants did buy, receive, etc., the property described in the first count and same being the personal property of H. H. Bowman. The third count charged burglary of a dwelling house, shop, etc., being the building of H. W. Bowman.

The first count and the second count of the indictment did not end with the words "Against the peace and dignity of the State of Alabama," but the third count of the indictment did so end.

■ Where an indictment contains more than one count, the omission of the words "Against the peace and dignity of the State of Alabama" from one or more counts does not render such counts demurrable where the indictment concludes with the required words; and where such is the case an indictment in either count will support a judgment of conviction. An indictment which sets out several counts and at the end of the last count concludes with the words "Against the peace and dignity of the State of Alabama" meets the requirements of Section 4526 of the Code of 1923. Norman v. State, 13 Ala.App. 337, 69 So. 362; Abrahams v. State, 18 Ala. App. 252, 89 So. 853; Jennings v. State, 17 Ala.App. 640, 88 So. 187.

It is urged in brief by appellant's counsel that the third count of the indictment having been eliminated by the giving of the affirmative charge as to that count, renders the indictment faulty and takes away the allegation that the crime was committed "Against the peace and dignity of the State of Alabama."

Whatever pith there may be in such a contention it is rendered innocuous in this case, for the reason that the record fails to show any request for the affirmative charge as to Count 3, and the judgment entry fails to indicate that the third count of the indictment was eliminated. The indictment therefore meets every requirement of the Constitution and of the Statute above cited and is sufficient.

■ Refused charges 1 and 2 were requests for affirmative instructions as to counts 1 and 2. The evidence for the State tended to prove the guilt of the defendant. The facts proven, and the inferences to be drawn therefrom, made the case one of fact for the determination of the jury; and hence, these charges were properly refused.

Refused charge 3 is a mere argument, and was properly refused.

The defendant insists that the conviction in this case rests entirely upon the unsupported testimony of Hodson Barley, who, admittedly is an accomplice; and for that reason he was entitled to the affirmative charge as to both counts, 1 and 2.

■ The rule that a defendant may not be convicted upon the uncorroborated testimony of an accomplice, where the charge is one of felony, is recognized; but, the evidence in this case presents abundant corroboration of the testimony of the accomplice, and for that reason the insistence of the appellant is not well taken.

The larceny charged was of several articles of clothing taken at night from the pressing shop of H. H. Bowman. There was testimony tending to prove the possession of some of this clothing by the defendant after the crime had been committed, and, also, testimony tending to prove incriminating admissions in the nature of confessions made in the presence of several

398

witnesses. These facts, together with the details of the crime by the accomplice, were sufficient to justify the jury in rendering a verdict of guilty.

We have examined this record and noted the several objections and exceptions taken to testimony, none of which constitute reversible error. Any testimony tending to prove the presence of the defendant at the pressing shop at the time of the commission of the crime, or his connection with the possession of the stolen property immediately after the property was carried away, together with his admissions regarding the settlement of the case were all relevant.

If there be technical error in any of these rulings they were without prejudice to the defendant's substantial rights.

We find no error in the record and the judgment is affirmed.

Affirmed.