13 So.2d 691

**KELLY et al. v. STATE.**

**6 Div. 990.**

Court of Appeals of Alabama.

May 25, 1943.

W. L. Longshore, of Birmingham, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

RICE, Judge.

As the Attorney General states:

"Defendants were tried in the Circuit Court of Jefferson County, Bessemer Division, on an indictment which charged murder in the second degree. The defendants were found guilty of manslaughter in the first degree and their punishment fixed at (imprisonment for) ten years in the penitentiary.

"On the finding of the jury, the defendants were (each) sentenced to (serve imprisonment for) ten years in the State penitentiary.

"From this judgment and sentence, the defendants appealed."

As the counsel for appellants states: "The defendants were indicted jointly for murder in the second degree for the killing of Ella Josie Bogust by hitting her with a rock. The evidence for the State tended to show that these two defendants, together with some twenty other young people, were on a truck and stopped at deceased's home to inquire about the direction to where a dance was going on. The father of the deceased drove from back of his house a truck and that one of the defendants, or someone else in the truck with defendants, said something about deceased's father's truck being a dog wagon and a dog driving it. From that point on there ensued a difficulty between Napoleon Bogust (the father of deceased) and the occupants of the truck in which the defendants were. Bogust (Napoleon) was cut or stabbed by Ernest Lockett according to Bogust (Napoleon).

"Lucille Bogust and Ella Josie Bogust, children of Napoleon Bogust, came to the scene. Some rocks were thrown from the direction of the truck where defendants were and one rock hit deceased and from this wound she died. No witness for the State testified that they saw either of defendants throw the rock that hit deceased, except *one Clyde Williams, who claims to have seen Kelly (Emmett, one of the defendants) throw a rock and hit deceased.* (Italics supplied by us.)

"The testimony of defendants and their witnesses denied any rock throwing that caused the death of deceased. There is not one iota of evidence that the defendant, Ernest Lockett, threw a rock at any time and therefore, his conviction would have to be predicated on his being a conspirator in the rock throwing done by Emmett Kelly."

Now we believe all that has been quoted hereinabove from the briefs on behalf of the State and of the appellants is borne out by the record.

But counsel could have been a little more complete in their statements.

There was testimony that the defendants, jointly, made some improper remarks to the girl children of Napoleon Bogust—one of whom was the deceased—when they went to his home to make the inquiry mentioned; and, of course, it might have been stated more *directly* that there was testimony that Emmett Kelly threw the rock that killed deceased.

[1] Before commenting further upon the testimony, it may be well to here set down some of the principles of law governing the conviction of Ernest Lockett—there being no contention but that the evidence made a case for the jury with regard to Emmett Kelly's conviction.

■ Here, exactly as in the case from the opinion on appeal in which, we quote, "his [Ernest Lockett's] guilt of this homicide, under this indictment, must, therefore, depend upon whether he aided or abetted the person [designated by the State's evidence here as Emmett Kelly] who did strike the deceased with a rock * * * in causing his [her] death, or whether he so conspired or preconcerted with such person as to render him culpable in consequence of the act of the person who did strike the deceased the fatal blow with the rock * * *." Jones v. State, 174 Ala. 53, 57 So. 31, 32.

■ Further quoting from the opinion in the case of Jones v. State, supra: "When by prearrangement, *or on the spur of the moment* (italics ours), two or more persons enter upon a common enterprise or adventure, and a criminal offense is contemplated, then each is a conspirator, and if the purpose is carried out each is guilty of the offense committed, whether he did any overt act or not. This rests on the prin-

ciple that one who is present, encouraging, aiding, abetting, or assisting * * * the active perpetrator in the commission of the offense is a guilty participant, and, in the eyes of the law, is equally guilty with the one who does the act. Such community of purpose, or conspiracy, needs not be proved by positive testimony. *It rarely is so proved.* (Italics ours.) The jury are to determine whether it exists, and the extent of it, from the conduct of the parties, and all the testimony in the case." And here the learned justice writing the opinion from which we are quoting cites the case of Morris v. State, 146 Ala. 66, 41 So. 274, in which many authorities are collected.

 Further quoting from the opinion in Jones v. State, supra, it appears: "Aid and abet 'comprehend all assistance rendered by acts or words of encouragement or support or presence, actual or constructive, to render assistance should it become necessary. No particular acts are necessary. If encouragement be given to commit the felony, or if, giving due weight to all the testimony, the jury are convinced beyond a reasonable doubt that the defendant was present with a view to render aid should it become necessary, then that ingredient of the offense is made out.' * * * If there is no prearrangement or preconcert, mere presence, with the intent to give aid if necessary, is not *aiding* or *abetting 'unless the principal knew of the presence, with intent to aid, of such person.'* * * * Nor need it be shown that there was prearrangement to do the specific wrong complained of."

All that remains to be said is that the testimony in this case, which we have read but will not further detail, was abundant to bring Ernest Lockett's guilt vel non within the range of the jury's decision.

The matters mentioned in the brief filed here on behalf of appellants are so patently infected with no erroneous rulings of the court below as to require no detailed discussion.

Fairly illustrative is this excerpt from said brief, to-wit: "The court in its oral charge as to self-defense failed to state that burden of proof was on State to show defendants were not free from fault in bringing on the difficulty. This was error and this cause should be reversed even though no exception was taken at the time."

It could now, we believe, be said to be axiomatic that the mere failure of the court to charge on any given subject, in the absence of a due request, presents nothing for review. But this is not to say that the learned trial court—one of the ablest in the State—failed in any respect to charge the jury fully on all the phases of the law involved in the case.

We have endeavored to perform our full duty under the Statute, appertaining, Code 1940, Tit. 15, Sec. 389, but find nowhere a prejudicially erroneous ruling for which the judgments should be reversed.

They are accordingly affirmed.

Affirmed.