94 So.2d 408

### A. B. WILSON
v.
### STATE.

**8 Div. 968.**

Court of Appeals of Alabama.
April 9, 1957.

Gilchrist & Murphree, Decatur, for appellant.

John Patterson, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for State.

HARWOOD, Presiding Judge.

This appellant stands convicted of transporting prohibited alcoholic beverages in quantities of five gallons or more.

The evidence presented by the State tends to show that two deputy sheriffs of Morgan County observed an automobile "weaving" along a public highway. There were three occupants on the front seat, and they were observed "moving about" in the car.

Upon stopping the car, the officers found that a man named Duty was the driver. The appellant was in the middle of the front seat, and Bart Hill on the right of the appellant.

Eight one gallon jugs of moonshine whiskey were found on the rear seat in two paper cartons, each carton containing four of the jugs.

At the time of the arrest none of the three men admitted ownership of the whiskey, though the appellant stated that he was the owner of the car.

The defendant presented only one witness, Mr. William Wilson, father of the appellant. Mr. Wilson testified that the appellant had lived with him since last spring; that the appellant left his home in his automobile about 4:00 o'clock in the afternoon of the day in question, with Duty driving. The appellant was drinking at the time.

Out of the presence of the jury Mr. Wilson was asked questions as to where his son spent his time when he was away from Mr. Wilson's home; as to whether he was under a guardianship, and if the appellant did not draw $216.00 per month disability benefits from the federal government and the nature of this disability.

The court properly excluded this line of evidence, there being no plea of not guilty by reason of insanity.

Counsel for appellant also stated he wanted to show through Mr. Wilson, and a

letter from a Veterans Administration Hospital that the appellant spent a great deal of time in a Veterans hospital because of a mental condition, and was out of such a hospital on a pass at the time of his arrest.

The State's objections were of course properly sustained to all such evidence.

■ The evidence presented was amply abundant, under elemental legal principles, to sustain the verdict and judgment of guilty.

■ Counsel for appellant argues that certain statements made by assistant solicitor, and the solicitor, in their arguments to the jury, should cause a reversal of this case.

In his argument to the jury the assistant solicitor stated: "In order to find the defendant not guilty, you have got to find that he didn't know the whiskey was in the car."

The appellant's objection to the above statement was overruled.

■ Counsel for appellant argues that the statement was a misstatement of the law under the doctrine of Fitts v. State, 24 Ala.App. 405, 135 So. 654. This doctrine is to the effect that merely riding in a car, knowing of the presence of five gallons or more of prohibited liquors therein, but having no connection with the liquor or its movement, is not an offense under our transportation statute. There must be a participation in the transportation, an aiding or abetting.

The above statement of law was enunciated in a case where the appellant was merely a passenger in the liquor carrying car, and under such facts, is a correct general legal principle.

Where however, as in this case, the accused is the owner of the liquor laden car, we can think of no circumstances under which he would not be guilty as an aider and abettor, except a lack of knowledge of the liquor being in the car, in the absence of a showing of duress exercised against the accused as such car owner.

In this aspect, the statement of the assistant solicitor was not a misstatement of the law applicable to the facts of this case.

Further, it appears from the record that the court gave, at the request of the appellant, two written charges which clearly set forth the principle enunciated in the Fitts case, supra. In view of the giving of these charges we do not think that this appellant was probably injured in any of his substantial rights because of this incident. Sup.Ct. Rule 45, Code 1940, Tit. 7 Appendix.

■ The record also shows that the solicitor, in his argument, stated to the jury: "This is an organized liquor crowd; liquor racket."

Counsel for appellant objected on the ground that there was no evidence of any liquor crowd, or racket.

The solicitor then replied that from the testimony that was his inference, and a reasonable inference.

Further colloquy followed between counsel, the solicitor restating that the statement was his inference.

The court overruled the appellant's objection.

The solicitor's argument, as first made, was a statement of a fact without any basis to be found in the evidence. It was therefore improper. Nix v. State, 32 Ala.App. 136, 22 So.2d 449. Nor do we think the solicitor's attempting to alter the statement by saying that it was an inference from the evidence removed the prejudicial tendency of the argument, since no such inference can rationally be drawn from the evidence.

It further appears, however, that in his instructions to the jury the learned trial judge charged the jury:

"You heard some objection about an argument here, and the court will instruct you regarding that. If in the

argument counsel for either party has made any statement in reference to the facts in this case not based upon the evidence, the jury should wholly disregard such statements. The Court instructs you that this case must be decided upon the testimony which has been detailed upon the witness stand. Statements made by counsel in arguments upon the evidence as to what the evidence is are not to be considered as evidence by you unless it corresponds with your memory of the evidence as you heard the witness detail it."

In view of this emphatic charge to the jury as to the effect to be accorded counsel's argument, and in light of the overwhelming tendencies of the uncontradicted evidence presented by the State, we would be unjustified in positing a reversal of this cause on this improper incident. Supreme Court Rule 45.

Objections were attempted to be interposed to other statements by the solicitor. The offending statements however were either not set out, and only indefinitely set forth in the objection, or were meaningless as set forth out of the context in which they were made; this to the extent that we cannot intelligently review them.

Affirmed.