166 So.2d 860

**Carver David MAY**

v.

**STATE.**

8 Div. 848.

Court of Appeals of Alabama.

June 18, 1963.

Rehearing Denied Oct. 8, 1963.

---

1. Ante p. 357.

Jesse A. Keller, Florence, for appellant.

Richmond M. Flowers, Atty. Gen., and Ed Brogden, Sp. Asst. Atty. Gen., for the State.

JOHNSON, Judge.

On February 21, 1962, the appellant, Carver David May, was jointly indicted with Jerry Rogers, Zeke Morrison, and Larry Johnson for first degree murder and on February 27 was arraigned, at which time he plead not guilty. On March 29, 1962, Jerry Rogers was tried and convicted and sentenced to sixty years in the penitentiary. On April 11, 1962, the appellant was convicted of manslaughter in the first degree and sentenced to seven years in the penitentiary. The defendant filed a motion for a new trial and this motion was overruled and the defendant appealed his conviction to this court.

The tendency of the evidence is as follows: On the night of January 2, 1962, the appellant, accompanied by Jerry Rogers, Zeke Morrison and Larry Johnson, went to the Fountain Lanes Bowling Alley in Florence, Alabama. C. T. Richardson testified that while Rogers was in the restroom, the deceased, Travis Pounders, asked Richardson, "What did I think about these young kids trying to dress like motorcycle policemen", having reference to a black leather jacket which Rogers was wearing. When Rogers came out, he commented to Larry Johnson that two men who were drinking in the restroom had threatened to whip him. The defendant, May, overheard this conversation. Richardson and the deceased had paper cups containing a beverage in their hands while they were in the restroom. They had been drinking prior to coming to the bowling alley. There is some dispute as to who left the bowling alley first but all parties left at approximately the same time. While they were in front of the bowling alley, Rogers confronted the deceased about the remark he had made about Rogers' apparel. This was followed by a fight between Rogers and the deceas-

ed and the deceased was knocked against the defendant, May, who then hit the deceased on the back of his head but the deceased did not indicate that he was aware that he had been struck by May, nor did it alter his attention toward Rogers. May contends that his striking the deceased was a reflex action. The deceased was between Rogers and the defendant, May, and this blow was apparently unseen by Rogers. According to the testimony of the defendant, the deceased then "went back after" Rogers who then cut the deceased. Richardson had left the scene of the fighting and he was so far away from May that he did not see the fatal blow. The defendant, Rogers, Morrison, and Johnson fled.

On April 3, 1962, the defendant filed a motion for a continuance of his trial and assigned as grounds the allegedly adverse publicity by the newspaper and on television prior to May's trial and during the course of Rogers' trial. A hearing was held on this motion and testimony was submitted thereon by both the defendant and the State. The court overruled the motion for a continuance to which action of the court the appellant duly excepted.

The granting or refusal of the motion for a continuance was a matter lodged in the discretion of the trial court. In overruling the motion, the court did not abuse this discretion. Goldin v. State, 271 Ala. 678, 127 So.2d 375.

The case proceeded to trial on April 9, 1962. Over the objection of the defendant, the State introduced a photograph of the back of the deceased's head showing a bruise. The picture was introduced upon the examination of Dr. William T. McVay, Assistant State Toxicologist, who performed an autopsy on the embalmed body of the deceased the day after his death. McVay testified that in his professional opinion, death "was a direct result of a cutting stab wound to the left chest area", that "the instrument would have been a sharp penetrating instrument whose width would not be more than ⅝ of an inch wide", and that "it would be consistent with having been in-

flicted by a knife". Dr. Harry M. Simpson, Jr., a reputable practicing physician of Florence, Alabama, who examined the body of the deceased a few hours after his death, testified that, in his opinion, death was the result of a stab wound in the chest which caused shock and the loss of blood. Dr. McVay testified further that he discovered a traumatic injury, or abrasion, on the back of the deceased's head. On cross-examination, Dr. McVay testified that a fall backward by the deceased from a standing position, hitting his head on the pavement, "would be consistent with the abrasion".

During the testimony of Dr. McVay, the State offered as "Exhibit 1" a picture which the State contended illustrated the abrasion on the back of deceased's head that McVay testified about then. To the admissibility of this exhibit, the defense interposed objections that "the picture is placed in evidence to inflame and upset the mind of the jury. No proper predicate has been laid in that it does not show that the body is in the same or nearly the same condition as at the time the body deceased. It is illegal, irrellevant and immaterial".

The defendant assigned the further ground to the admissibility of the picture because "the body had been tampered with and embalmed before the picture was made".

■ The photograph tended to shed light on the testimony of McVay and illustrate the truth of it and was properly admitted into evidence. The rule now prevailing in Alabama is stated in McKee v. State, 253 Ala. 235, 44 So.2d 781:

"We think we are safe in stating as a general and well settled proposition of law that the courts in this country take judicial knowledge that the art of photography is generally relied on for depicting the resemblance of persons, objects, things and places and when verified by evidence, extrinsic of the photographs, going to show that they correctly depict the thing or object *at the time they were taken,*

photographs are admissible in evidence in a criminal prosecution, if they tend to shed light on, strengthen or illustrate the truth of other testimony offered by the prosecution.

\* \* \* \* \* \*

"There was no error in admitting in evidence a photograph of the deceased, taken after the performance of an autopsy, even though the photograph showed marks of incisions made for the purposes of the autopsy, the autopsy surgeon pointing out to the jury the marks resulting from his examination.

\* \* \* \* \* \*

"The fact that the photographs were made after exhumation, eight days after death, goes to the weight of the evidence not to its admissibility." ·

The contention of the defendant, that the injury was caused by deceased's falling and hitting his head, did not cause the photographs to become incompetent so as to be inadmissible.

"The state offered the photographs of the deceased made just before the time of his death and defendant objected to such action and reserved an exception thereto. The photographs were admissible. In this ruling there was no error. The cross-examination of the witness indicated a line of defense that death was the result of natural or accidental causes, other than that resulting from poison alleged to have been administered with whisky within a reasonable time before death." Lambert v. State, 234 Ala. 155, 174 So. 298.

Evidence was before the jury that at the time the photograph was taken the deceased had been embalmed and that the embalming fluid would cause the body to swell. Therefore, the photograph was not rendered inadmissible because the body had been embalmed. McKee v. State, supra.

"Stress is laid in argument upon the fact that this photograph, thus finished up to give emphasis to the beauty of face, when contrasted with the face appearing without artificial coloring, at the trial, was misleading, and calculated to work injury to defendant. Certainly the photograph would aid the jury in determining the extent to which the face had been disfigured. The artificial coloring, made known to the jury as such, and not claimed to have been added after the accident for purposes of the trial, furnished no sufficient ground to exclude the photograph." Harris v. Snider, 223 Ala. 94, 134 So. 807.

Even though the photograph may have inflamed the mind of the jury and was cumulative evidence, it was admissible.

"If the photographs had a reasonable tendency to prove or disprove some material fact in issue, or shed some light upon some material inquiry, they were admissible even though they also might have tended to inflame the minds of the jury. \* \* \* It was a circumstance, material, if cumulative. The admission of cumulative evidence, even upon a fact not disputed, is not prejudicial error." Wilson v. State, 31 Ala. App. 21, 11 So.2d 563, cert. den. 243 Ala. 671, 11 So.2d 568.

When the State rested, the defendant made a motion to exclude the State's evidence, dismiss the indictment, and release the defendant on the grounds that the State failed to make out a prima facie case of murder or manslaughter. The motion was overruled by the court.

 The appellant contends that the evidence is insufficient to support a verdict of guilty of first degree manslaughter. The evidence is sufficient to support the verdict under the theory of aiding and abetting in a common enterprise which was entered into on the spur of the moment and which resulted in the homicide of the deceased.

"\* \* \* in order to authorize a conviction as an aider or abettor, there must be by prearrangement, or on the spur of the moment, a common enter-

prise or adventure and a criminal offense contemplated." West v. State, 25 Ala.App. 492, 149 So. 354.

The appellant cites Jordan v. State, 81 Ala. 20, 1 So. 577, a case similar in its salient facts to the case here on appeal, in which the Supreme Court reversed and remanded Jordan's judgment of conviction because of errors committed by the trial court giving faulty instructions to the jury. Able counsel for appellant has not pointed out corresponding errors in the case here and we have not discovered any.

■ Moreover, the evidence is sufficient to create a jury question as to whether or not May's conduct contributed to the homicide or made it easier for Rogers to commit. (State ex rel. Attorney General v. Tally, 102 Ala. 25, 15 So. 722) and whether or not Rogers knew of May's presence with intent to aid him (Kelly v. State, 31 Ala. App. 194, 13 So.2d 691; Davis v. State, 36 Ala. App. 573, 62 So.2d 224, pet. for cert. den. 258 Ala. 281, 62 So.2d 229).

■ During cross-examination, the solicitor asked the defendant if he knew that Rogers had a reputation for cutting individuals and the defense's objection was sustained by the court. When the question was asked later on cross-examination, the defense objected again, and again the objection was sustained. Thereupon, the defendant moved for a mistrial, which motion was overruled by the court with proper instructions immediately given that "questions asked by attorneys are never evidence in a case". The fact that the defendant did not answer the question either time rendered even more improbable any possible injury to appellant's substantial rights. The trial court did not abuse his discretion in overruling the motion for mistrial.

The following objections and motions to exclude the arguments of the solicitor to the jury were made by the defendant who received favorable rulings from the trial court:

"MR. KELLER: THE DEFENDANT OBJECTS TO THE WORDS 'A GANG OF HOODLUMS'. THERE IS NO EVIDENCE OF THE CHARACTER OF THE DEFENDANT.

"THE COURT: OBJECTION SUSTAINED—

"MR. KELLER: WE MOVE TO EXCLUDE THE STATEMENT.

"THE COURT: MOTION SUSTAINED, GENTLEMEN, THE REFERENCE TO THE 'GANG OF HOODLUMS' IS EXCLUDED. PLEASE DON'T CONSIDER THAT WHEN YOU DELIBERATE ABOUT YOUR VERDICT IN THIS CASE.

\* \* \* \* \* \*

"MR. KELLER: THE DEFENDANT OBJECTS TO THE APPEAL TO THE EMOTION OF THE JURY BY THE SOLICITOR ON WHAT THIS WOMAN MIGHT HAVE SAID 'OH, HOW I WOULD LIKE TO TOUCH—'

"THE COURT: OBJECTION SUSTAINED. THAT LAST ARGUMENT BY THE SOLICITOR, GENTLEMEN, IS EXCLUDED. PLEASE DON'T CONSIDER THAT WHEN YOU DELIBERATE ABOUT WHAT YOUR VERDICT WILL BE."

■ We find these statements by the solicitor were not error to reverse. Any prejudice that might have been engendered by these remarks of the solicitor was extinguished by the admonitions of the trial judge. Wilson v. State, 39 Ala.App. 77, 94 So.2d 408.

In addition, the following objections and motions to exclude were made by defense counsel to the arguments of the solicitor to the jury and were either not ruled upon or overruled by the trial judge:

"Mr. Keller: The defendant objects to and moves to exclude the statement that 'they ran together'. The

defendant said sometimes they went weeks and didn't see each other except at the National Guard meetings.

"The Court: The degree of association—I think he has a right to argue his inference.

"The defendant excepts.

"Mr. Keller: The defendant objects and moves to exclude the statement wherein Mr. Potts labeled one of them 'The General'. Mr. Potts cross examined the defendant on that and he said no one gave orders, that no one said where to go except Jerry Rogers said he needed to use the bathroom.

"The Court: Motion overruled. He can argue his inference.

"The defendant excepts.

"Mr. Keller: We object to and move to exclude the statement of Mr. Potts where he said 'he stood there and when Jerry hit him he hit him too'. That's not true; he said 'when Jerry knocked him against me, I hit him in he back of the head.

"The Court: I think the solicitor has a right to argue his inference. The court does not want to comment on the evidence, but will overrule and motion.

"Defendant excepts.

"Mr. Keller: The defendant objects to the statement that 'the law is that he is guilty without any prior concert if he was there'. If he is present and there was not any pre-concert, he would have to participate.

"Objection overruled. Defendant excepts.

"Mr. Keller: The defendant objects to that statement because there is no testimony that she (Mrs. Pounders) was called to the operation room of the hospital to see her husband.

"No ruling.

"Mr. Keller: The defendant objects to the statement 'Big knives on them'.

There is no evidence that anyone had a knife except Jerry Rogers.

"The Court: I think the solicitor is arguing his inference. On aiding and abetting that's permissible argument. Objection overruled.

"Defendant excepts."

 A solicitor may make arguments reasonably inferred from the evidence. The following rule regarding the propriety of jury arguments was stated in Cross v. State, 68 Ala. 476:

"Every fact the testimony tends to prove, every inference counsel may think arises out of the testimony, the credibility of the witnesses, as shown by their manner, the reasonableness of their story, their intelligence, means of knowledge, and many other considerations, are legitimate subjects of criticism and discussion."

The rulings of the trial court on the foregoing objections made by defendant to the solicitor's argument were proper.

The judgment in this case is

Affirmed.