PER CURIAM.
Appellant was convicted of robbery and sentenced to ten years imprisonment. The State called only one witness, Don Barron, the victim. The defense called only the appellant as its witness.
Barron testified that he had known the appellant for several years and that he had occasionally loaned him money. Around 10:00 A.M. on Sunday, March 5, 1975, At-chison went to Barron’s home and borrowed $20.00. From there on, the testimony is in dispute.
Barron said Atchison returned with one Buck Yarbrough to his home around noon the same day. He said Atchison and Yar-brough knocked him to the ground and that Atchison put his knee in Barron’s *805 stomach. They took Barron’s wallet from him and took approximately $135.00 from the wallet and left. Barron’s testimony establishes the minimum essential elements of the offense of robbery.
Atchison testified that he did not return to Barron’s home at noon with Yarbrough and did not rob Barron. He said he and Yarbrough went out drinking, and they knew nothing about the robbery until they were arrested later that day around 5:00 P.M. Atchison testified that he was “pretty intoxicated” at the time of the arrest.
In closing argument to the jury, the Assistant District Attorney stated:
“I’ve tried a lot of cases where a defendant has given a written confession and then get on the stand and deny every bit of it—”
Again, during argument, the Assistant District Attorney commented:
“In fact, he was so intoxicated that the Deputy Sheriff that made the arrest could not even interrogate him, so he placed him in jail—”
From the first statement, the jury may have gathered that the appellant had made a confession which, for some reason unknown to them, had not been admitted into evidence. However, the ground assigned for objection was not sufficiently specific as required by Anderson v. State, 209 Ala. 36, 95 So. 171.
The second statement that the deputy sheriff could not interrogate the appellant due to his intoxicated condition is a statement of fact not based on the evidence and does not appear to be a reasonable inference which could be drawn from the appellant’s testimony that he was “pretty intoxicated” at that time. However, we do not base reversal on either of those statements, standing alone.
Later on, in closing argument to the jury, the Assistant District Attorney stated:
“If you want to find him not guilty just on the grounds he only had one witness to present to you ladies and gentlemen on the Jury, you had better think twice, because like I said again, it could happen to you. Some of you ladies especially, some guy walks out there on the street and puts a gun on you and forces you down in the woods somewhere and rapes you and —”
The defense counsel immediately objected, and the following occurred:
“MR. SHINBAUM: We would like to object to that statement directed specifically at the ladies about somebody raping them. There had been no question of rape in this case, and I think it is highly improper argument.
“THE COURT: I overrule your objection. It is argument only. It’s up to the Jury.
“MR. SHINBAUM: I move to exclude the statement.
“THE COURT: I deny your motion.
“MR. SHINBAUM: I move for a mistrial.
“THE COURT: I deny your request. Go ahead.”
There are no firm legal standards by which the prejudicial qualities of improper remarks by a prosecutor during trial can be gauged. Each case must be reviewed on its own merits. Smith v. State, 282 Ala. 268, 210 So.2d 826; Edson v. State, 53 Ala.App. 460, 301 So.2d 226.
On review of the latter statement of the prosecution, we find it to be so prejudicial in nature and so irrelevant that the failure of the trial court to sustain objection thereto amounts to reversible error.
We are not unmindful that wide latitude should be given counsel during closing argument. We approve of vigorous prosecution and have often cited Arant v. State, 232 Ala. 275, 167 So. 540, for the proposition that wide latitude must be given to counsel in drawing inferences and deduc *806 tions from the evidence; that juries usually value exaggerated arguments at their true worth; and that, “a trial is a legal battle, a combat in a sense, and not a parlor social affair.” We cannot approve, however, of appeals to fear or venturing outside the evidence to argue prejudicial matter to the jury.
It is not permissible to single out a juror or jurors in argument and appeal to their fears or prejudices. In Little v. State, 18 Ala.App. 98, 89 So. 303, the former Court of Appeals said:
“The court, in ruling on an objection to a remark of the solicitor, said: ‘Yes, it is no difference how any individual juror feels or would like to be treated. You can argue the effect it would have on society,’ etc. This was entirely proper. It is the duty of the court to direct the trial and to keep the argument of counsel within legal rules.”
Also see The Alabama Lawyer, Vol. 33, p. 222.
Not only was it improper to single out the women on the jury for special argument, but the content of that argument, when subjectively applied to them, was grossly prejudicial. There can be no analogy between the relatively simple robbery, without a deadly weapon, charged here and the heinous crime of rape. The prosecutor was arguing against the release of an accused robber, but in effect he told the women jurors that an acquittal of such a person may in some way enhance the possibility of their being raped at gunpoint.
There is not a scintilla of evidence in the record from which the prosecution could have drawn the inference that women in the the community would be in danger of rape if the accused was acquitted. The argument in question is not simply an appeal for law enforcement nor is it a legitimate comment on the effect of the offense on society. Neither could the comment be considered a proper appeal for “protection of womanhood as in Arant, supra, as the victim here was not a woman.
The proof of the offense here charged was simple and uncomplicated. The argument in question was unnecessary. Error could have been averted by the trial court sustaining appellant’s timely objection and by admonishing the jury to disregard the comments. May v. State, 42 Ala.App. 401, 166 So.2d 860, cert. denied 277 Ala. 700, 166 So.2d 865; Wilson v. State, 39 Ala.App. 77, 94 So.2d 408.
We find it unnecessary to decide the issue relative to the prosecution’s comment on appellant’s failure to call Yarbrough as a witness. Neither is it necessary to review the prosecution’s references in cross examination as to what certain State’s witnesses may testify to, if called, but who were never called by the State. It is unlikely that such comments will occur on retrial.
REVERSED AND REMANDED.
All the Judges concur, except HARRIS, J., concurs in the result.