Manslaughter, first degree; seven years.
The sufficiency of the evidence was not raised in the present case by a motion to exclude, a request for the affirmative charge, nor by a motion for a new trial. The facts in the case are not complicated; therefore, only a brief statement regarding them will be made.
On July 1, 1978, Walter Duffy, James Buck, Vernon Ward and the appellant were sitting in appellant's front yard in the Orange Beach area conversing and drinking beer. All present were neighbors of the appellant, and all were over sixty years of age. Mr. Ward and the appellant had a disagreement over the cost of a long distance telephone call which Mr. Ward had made from appellant's telephone. Appellant settled the dispute by presenting the telephone bill to Ward, who then apologized. Appellant claimed that, during the dispute, he was threatened by Mr. Ward who drew a knife. Appellant went inside his house, obtained a revolver and went outside to rejoin the group. According to Duffy and Buck, appellant sat down, then stood up and fired twice, hitting Ward once. Appellant testified that, when he drew the gun, Duffy and Buck attempted to take it out of his hand, and, during the struggle, the gun discharged once, striking Ward fatally. *Page 1012 
The jury found appellant guilty of manslaughter in the first degree, setting sentence at seven years imprisonment.
 I
The only issue raised on this appeal concerns the propriety of the prosecutor's remarks to the jury during closing argument. From the record:
 "Where did it happen? Who was involved? Gentlemen, let me tell you this, you can pick up your newspaper in the morning and you can read about a bad accident or a revolution or an earthquake or something that happened in Cambodia or a mass killing in Chicago or even a murder in Birmingham that doesn't mean anything to you, very little.
 "Well, that's bad and pass it off. But when it happens here in Baldwin County, it's getting closer to home. That's a bad thing. If it happens to a member of your family — (interrupt).
 "MR. MARSAL: I object to that as improper. The Supreme Court has condemned that many times, to attack a juror or member of a juror's family.
"THE COURT: Overruled."
The appellant insists that the argument was prejudicial and was an appeal to the jury's passion and prejudice.
In support of this contention, the appellant has cited Racinev. State, 290 Ala. 225, 275 So.2d 655; Atchison v. State, Ala.Cr. App., 331 So.2d 804.
The cases cited by appellant are clearly distinguishable from the present case. Atchison, supra, involved a comment in a robbery case which was directed to females on the jury panel. The argument in the present case does not relate to, as did the comment in Atchison, a subject entirely foreign to the robbery. In Atchison, a reference concerning rape was made. The prosecutor's comment in the present case referred to murder, the exact crime with which the defendant was charged, and to its effect on society. The comment was not totally irrelevant, nor completely foreign to the crime charged, as was the case inAtchison.
The comment in Racine v. State, supra, concerned the sale of L.S.D. to five-year olds and was not supported by the evidence.
As was stated in Racine v. State, supra, wide discretion is given to the trial judge in regulating argument of counsel. From the facts presented in this case, the comment did not have the prejudicial effect that the appellant attributes to it. The remark concerned the effect of murder on society and was not impermissible. See Little v. State, 18 Ala. App. 98, 89 So. 303.
We also note the fragmentary nature of the comment, which was not completed, and any review would require speculation on the court's part. Cofield v. State, 41 Ala. App. 469,136 So.2d 897.
The trial court, under these circumstances, did not abuse its discretion in overruling the appellant's objection to the remark. Therefore, the judgment of conviction by the Baldwin Circuit Court is affirmed.
AFFIRMED.
HARRIS, P.J., and TYSON and BOWEN, JJ., concur.
BOOKOUT, J., concurs in result.