On the morning of July 20, 1979, the defendant and two companions forced their way into the home of Benny and Carrie Ragsdale Dunn. The three men bound and gagged the elderly couple and beat them demanding to know where they kept their money "stashed". After ransacking the house, the trio left taking with them a total of two dollars. Thirteen days later, Mrs. Dunn died from causes initiated by the beating. For his part in these crimes, the defendant was indicted and convicted for the first degree murder of Mrs. Dunn. Sentence was life imprisonment.
 I
Initially, the defendant contends that Alabama Code Section12-21-220 (1975) requires the trial judge to instruct the jury that the failure of an accused to testify cannot be held against him even when such a charge is not requested.
Here the defendant did not testify and did not request an instruction on the legal consequences of his failure to do so. The trial judge did not instruct the jury on this matter. After his charge, the judge asked counsel, "Anything for the record?" Both defense counsel separately replied, "No, Sir," and no objection or exception was taken to the court's oral charge.
Section 12-21-220 removes the common law incompetency of a defendant to be a witness in his own behalf and is designed to prevent adverse comment by the prosecutor on the defendant's failure to testify. "[I]t has long been the law of this state that the constitutional guarantee against self-incrimination (Art. [I], Section 6, Alabama Constitution 1901), as augmented by the above referenced statute [§ 12-21-220], renders therefusal of a requested jury instruction on the legal effect of an accused's exercise of that right reversible error." *Page 550 Perry v. State, 368 So.2d 310, 312 (Ala. 1979) (emphasis added).
The failure of the trial judge to instruct the jury that no inferences should be drawn against the accused because of his failure to testify is not error where that instruction was not requested. Indeed, some appellate courts have found error where the judge instructs on his own initiative without a request from the accused. See Smith v. State, 370 So.2d 312, 316-17
(Ala.Cr.App.), cert. denied, 370 So.2d 319 (Ala. 1979).
In the absence of a request, objection or exception, there is no reversible error in the trial judge's failure to instruct on a principle of law. Blythewood v. State, 373 So.2d 1170
(Ala.Cr.App.) cert. denied, Ex parte Blythewood, 373 So.2d 1175
(Ala. 1979); Flanagan v. State, 369 So.2d 46 (Ala.Cr.App. 1979); Barclay v. State, 368 So.2d 579 (Ala.Cr.App.), cert. denied, Ex parte Barclay, 368 So.2d 581 (Ala. 1979). The mere failure of a court to charge on any given subject in the absence of a proper request presents nothing for review.Jarrell v. State, 251 Ala. 50, 36 So.2d 336 (1948); Kelly v.State, 31 Ala. App. 194, 13 So.2d 691 (1943).
 II
We have carefully reviewed the evidence in this case and find that the testimony of the accomplice was amply corroborated. We are firm in this conclusion and do not think that there is any merit to the defendant's contention that the evidence is insufficient to support the verdict. Andrews v. State,370 So.2d 320 (Ala.Cr.App. 1979), cert. denied, Ex parte Andrews,370 So.2d 323 (Ala. 1979); Jacks v. State, 364 So.2d 397
(Ala.Cr.App.) cert. denied, 364 So.2d 406 (Ala. 1978).
The robbery and beatings occurred in Mr. Dunn's home. Before his eyes were covered with tape, Mr. Dunn saw the defendant armed with a shotgun. Mr. Dunn was also able to identify the defendant's two companions, Edward Smith and Melvin Pope. Bound, gagged and taped, Mr. Dunn heard the men slapping his wife, who had been tied to a chair across the table from him. Mr. Dunn was also assaulted but could not tell who hit him.
The men stayed approximately one hour "tearing the house up looking for money." All they found was the two dollars Mr. Dunn had in his wallet.
When the three criminals left, Mr. Dunn managed to free himself. After removing the tape from his eyes, he discovered his wife bound and gagged in the chair. She was unconscious and to Mr. Dunn's knowledge she never regained consciousness before her death.
We note that appellate counsel states in brief: "We admit to this court that there was [corroboration] sufficient to show the crime of robbery." In this factual situation the crimes of murder and robbery are inseparably intertwined so that the defendant's presence for one crime implies his involvement in the other.
Further corroboration was provided by Doug Hardin and Danny Johnson. Within one hour after the crime, the defendant, Pope and Smith stopped Hardin and Johnson on the highway. The defendant told Hardin "just about the old woman and the old man"; "That they had been out there and robbed them and got $2.00 and something off them." Hardin testified that Pope and Smith told him about "just robbing an old woman and an old man and beating them up."
On this same occasion, Johnson talked to the defendant and Edward Smith. Either Smith or the defendant "said something about somebody had been robbed and beat up"; "They just said a man and a woman, beat up and robbed them." These statements were made in the defendant's presence and were properly admitted into evidence. Eaton v. State, 280 Ala. 659, 662,197 So.2d 761 (1967).
This was sufficient corroborative evidence. Miller v. State,290 Ala. 248, 275 So.2d 675 (1973). Evidence of the defendant's proximity, opportunity and association may constitute sufficient corroboration of an accomplice's testimony. Kimmonsv. *Page 551 State, 343 So.2d 542 (Ala.Cr.App. 1977). The statements made by the defendant to others shortly after the commission of the crime and the statements made in his presence are corroborative evidence. Dunn v. State, 28 Ala. App. 396, 187 So. 641, cert. denied, 237 Ala. 474, 187 So. 643 (1939); Davis v. State,257 Ala. 447, 59 So.2d 592 (1952). Mr. Dunn's testimony alone was sufficient corroboration, Floyd v. State, 378 So.2d 270
(Ala.Cr.App.), cert. denied, Ex parte Floyd, 378 So.2d 273
(Ala. 1979).
We have carefully searched the record for error prejudicial to the defendant. We have found none. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.