BOOKOUT, Judge.
Buying, receiving or concealing stolen property; sentence: six years’ imprisonment.
The State’s evidence revealed that on October 3, 1979, Douglas Thompson, his wife, and Charlie Barnes stole a 1978 Pontiac Bonneville from the parking lot of the Rheem Manufacturing Company in Montgomery. The car belonged to Vincent La-Soley who worked at Rheem. Barnes’s girl friend, Cheryl Boles, also worked there and provided information that the keys to LaSo-ley’s ear would be found in the ignition. Thompson was of the strong opinion that no one had permission to take LaSoley’s car, and certainly he did not have permission when he took it. In fact, he had never heard of Vincent LaSoley before the theft.
Thompson drove LaSoley’s ear directly to appellant’s place of business in Montgomery, the AAA Transmission Service. Barnes and Thompson’s wife followed in Thompson’s car. . Thompson stated that after he drove LaSoley’s car inside he “took the tags off and took everything out of the inside.” Appellant and Barnes also took some things out of the car, including LaSo-ley’s wallet, and threw them away. Thompson also saw appellant’s two employees at the transmission shop. Johnny B. Toole who worked next door to the shop discovered LaSoley’s wallet close to his shop and called Rheem Manufacturing for the wallet to be picked up.
Appellant paid Thompson and Barnes $750 for LaSoley’s car. Thompson testified that Barnes and appellant had prearranged for appellant to pay them for a stolen car, “but not that particular car.... Just any car.” “We stole the car and were supposed to bring the car there and get the money and leave. . . . We just found the car and *940 the keys were in the ear, so we just took that car.”
Willie James Boyd and Ronnie Morgan, appellant’s employees on the date in question, saw LaSoley’s car at the shop. Boyd saw Thompson and Barnes bring the car in, and Morgan made preparations for appellant to paint the vinyl top on LaSoley’s car white. Morgan overheard a conversation between appellant, his father, and Barnes that “they were going to trade [LaSoley’s car] for a white Cougar.” LaSoley’s car was going “to Georgia.”
Officer Scott Roberts, of the Georgia Bureau of Investigation, recovered LaSoley’s car in Montezuma, Georgia, at the residence of Buster Dunn on January 24, 1980. Ronnie Morgan had seen Buster Dunn on one occasion when Dunn came to Morgan’s residence looking for the appellant. Officer Roberts was aware the car had been reported stolen from Montgomery and was able to ascertain that the vehicle identification number had been disguised.
I
We find the State’s evidence sufficient to prove appellant’s guilt as charged beyond any reasonable doubt. Each element necessary to establish a prima facie case of BRCSP was clearly shown. Oates v. State, Ala.Cr.App., 375 So.2d 1285 (1979); Waters v. State, Ala.Cr.App., 360 So.2d 358, cert. denied, Ala., 360 So.2d 367 (1978); Walker v. State, Ala.Cr.App., 355 So.2d 755 (1978); § 13-3-55, Code of Ala.1975. All of the elements in the above eases may be, and most of them usually are, shown by circumstances from which the jury, using their everyday common sense and observation, must draw their conclusion. Walker, supra. See Goodman v. State, Ala.Cr.App., 401 So.2d 208 (1981), released this date, for a discussion on requisite “knowledge” by an accused that goods are stolen.
II
There is no merit to appellant’s contention that he cannot be guilty of BRCSP since he actually participated in the theft. The State’s evidence demonstrates that Thompson, accompanied by his wife and Barnes, stole LaSoley’s car. Appellant then received the stolen car and paid Thompson and Barnes. Appellant in no way participated in the actual theft. While appellant did prearrange to pay Thompson and Barnes for a stolen car, Thompson categorically denied there was any conspiracy to steal LaSoley’s car or any other particular car. See White v. State, Ala.Cr.App., 383 So.2d 888, cert. denied, Ala., 383 So.2d 892 (1980) and cases cited therein for situations where the accused actually participated in the theft. The facts in the case at bar are easily distinguishable from those in White. Here, the appellant did not actually assist the thief in the caption and asportation of the ear.
Larceny requires a specific intent to deprive an owner of his property. This specific intent is an indispensable mental ingredient to stealing. Jones v. State, 55 Ala.App. 274, 314 So.2d 876, cert. denied, 294 Ala. 761, 314 So.2d 879 (1975). Here, the offense of larceny was perfected by Thompson and Barnes long before appellant committed the offense of buying, receiving or concealing the stolen property. We find the jury’s verdict of “guilty as charged,” which refers to appellant’s one-count indictment, amply supported by the evidence.
III
Appellant’s conviction was not based on the uncorroborated testimony of an accomplice. Andrews v. State, Ala.Cr.App., 370 So.2d 320, cert. denied, Ala., 370 So.2d 323 (1979). The testimony of Boyd, Morgan, and Toole would supply sufficient corroboration of the testimony of Thompson, even assuming him to be an accomplice. Corroboration need only be slight to suffice. Cunningham v. State, 54 Ala.App. 656, 312 So.2d 62 (1975).
IV
Thompson was properly allowed to testify that he had taken stolen vehicles to appellant on prior occasions and that some *941 of those vehicles had also been later transported to Buster Dunn in Montezuma, Georgia.
As a general rule, in a prosecution for a particular crime, evidence of other acts which of themselves constitute distinct and independent offenses is not admissible. Ex parte Williams, Ala., 350 So.2d 708 (1977). However, one of the well-established exceptions to this rule is the intent exception. Hayes v. State, Ala.Cr.App., 384 So.2d 623 (1979), cert. denied, Ala., 384 So.2d 627 (1980). See Gamble, McElroy’s Alabama Evidence, § 69.01(5) (3d ed. 1977). Appellant’s prior acts fall squarely within that exception. '
V
Appellant claims it was error to allow the State to call a rebuttal witness to testify to facts not responsive to the testimony of defense witnesses. He contends that the testimony given by rebuttal witness Toole concerned evidence which should have been presented during the State’s case in chief.
The admission of rebuttal testimony and the order of proof are matters within the sound discretion of the trial court. McBryar v. State, Ala.Cr.App., 368 So.2d 568, cert. denied, Ala., 368 So.2d 575 (1979). It is within the trial court’s discretion to admit evidence on rebuttal which more properly should have been offered as part of the State’s case in chief. Crow v. State, Ala.Cr.App., 365 So.2d 1254 (1978), cert. denied, Ala., 365 So.2d 1256 (1979).
VI
During closing arguments the following occurred:
“MR. SHINBAUM: Your Honor, excuse me. Your Honor, I would like to approach the bench one second and ask that a remark of organized crime and dealing with organized crime—
“THE COURT: I sustain your objection. Do not consider that last remark.”
The trial court admonished the jury to disregard the comment and gave curative instructions, thereupon the following appears in the record:
“MR. SHINBAUM: Again, I would like to approach the bench and ask the remark about crimes going on in the street. There is no other crime that has anything to do with this charge.
“THE COURT: I will grant your motion to strike, if that is what you are doing....”
The trial court again admonished the jury and gave curative instructions and the arguments proceeded.
Appellant received favorable rulings to his objections to the prosecutor’s closing argument. Absent an adverse ruling on those objections, there is nothing for this court to review on appeal. Chambliss v. State, Ala.Cr.App., 373 So.2d 1185, cert. denied, Ala., 373 So.2d 1211 (1979). Moreover, appellant’s objection to the prosecutor’s reference to “organized crime” was too fragmentary to preserve error. McClary v. State, 291 Ala. 481, 282 So.2d 384 (1974); Ervin v. State, Ala.Cr.App., 399 So.2d 894 (1981).
As to the denial of appellant’s motion for a mistrial, we find no error. The granting or denying of a motion for a mistrial rests within the sound discretion of the trial judge and will not be reviewed on appeal in the absence of abuse of that discretion. Heard v. State, Ala.Cr.App., 351 So.2d 686 (1977). We find no abuse of discretion in the instant case. The trial judge gave proper curative instructions to the jury which rendered the prosecutor’s comments harmless in our opinion. Wilson v. State, 39 Ala.App. 77, 94 So.2d 408 (1957).
We have considered each issue raised by appellant. In addition, we have searched the record as required by law for any prejudicial error affecting appellant’s substantial rights and have found none.
AFFIRMED.
All the Judges concur.