WISE, Presiding Judge,
dissenting.
I disagree with the majority’s conclusion that the evidence was insufficient under § 12-21-222, Ala.Code 1975, to corroborate the accomplices’ testimony that Williams had participated in the murder. “Corroboration need only be slight to suffice,” Ingle v. State, 400 So.2d 938, 940 (Ala.Crim.App.1981), and “need not be sufficiently strong by itself to warrant a conviction.” Miles v. State, 476 So.2d 1228, 1234 (Ala.Crim.App.1985). Also, “[c]orro-borative evidence need not directly connect the accused with the offense but need only tend to do so.” Ware v. State, 409 So.2d 886, 891 (Ala.Crim.App.1981). Finally, “[t]he corroboration of an accomplice may be shown by circumstantial evidence.” Id.
In this case, Smalley’s testimony placed Williams in Alabama Village near the scene of the murder with other males shortly before the murder occurred. His testimony also corroborated accomplice testimony about drugs being sold in Alabama Village and about dealers flagging down vehicles to make sales. Further, his testimony corroborated testimony about the gunshot and the victim attempting to drive away and wrecking his vehicle. Finally, forensic testing linked the gun Parnell helped officers locate to the murder.
The corroborating evidence in this case did not merely show the commission of the offense or the circumstances thereof. Rather, it tended to connect Williams with the commission of the murder. See Ware, supra. Although the corroborative evidence alone may not have supported a conviction, such was not required. See Miles, supra. Finally, the corroborative evidence tended to support a conclusion that, at the very least, portions of the *725 accomplices’ testimony were truthful. Accordingly, even though it was not extensive, I believe that the corroboration that was presented was minimally sufficient to corroborate the accomplices’ testimony. Therefore, I respectfully dissent.