(96 South. 576)

NATIONAL CASUALTY CO. v. DUNN.
(3 Div. 604.)

(Supreme Court of Alabama. April 26, 1923. Rehearing Granted May 17, 1923.)

1. Principal and agent ⬯⬯22(2)—Hearsay statements and conduct of agent held not admissible to prove agency without independent evidence of agency.

Hearsay statements and the conduct of agent *held* not admissible in evidence to show agency, without independent evidence of the fact of agency.

On Rehearing.

2. Trial ⬯⬯79—Repeated objections to questions attempting to elicit hearsay testimony of agency held not necessary, where counsel made grounds of objections known.

Where in a running colloquy as to the single proposition—plaintiff's attempt to elicit hearsay testimony of agency on the one side and defendant's attempt to exclude it because it was not made admissible by proof of agency, on the other—defendant's counsel fully and clearly acquainted the court with the ground of his objection to witness' testimony, it was not necessary for counsel to repeat his objection and the ground for it every time an additional question to elicit the same illegal testimony was propounded to the witness.

Appeal from Circuit Court, Conecuh County; John D. Leigh, Judge.

Action by S. P. Dunn against the National Casualty Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

The action is on a health and accident policy for indemnity for a period of sickness, and there was judgment for plaintiff.

Defendant pleaded the failure of plaintiff to give written notice of his sickness within 20 days after its commencement, as required by a provision of the policy.

Plaintiff replied (2) that he gave such notice "as soon as it was reasonably possible," as authorized by another provision of the policy; (3) that defendant waived failure to give notice, in that its authorized agent, one Walker, called on plaintiff, and negotiated with him, and offered a settlement, with knowledge of plaintiff's alleged failure to give notice; and (4) that with such knowledge defendant denied all liability on said policy.

The assignments of error are based on the rulings of the trial court on evidence as to the agency of Walker, and the refusal to give for defendant the general affirmative charge.

Hybart & Hare, of Monroeville, for appellant.

---

It was error to admit evidence of conversation between Walker and the plaintiff; no evidence of Walker's agency being shown. Postal Co. v. Lenoir, 107 Ala. 640, 18 South. 266.

Hamilton & Page, of Evergreen, for appellee.

Where there are any independent facts or circumstances tending to show the agency of the alleged agent, his statements are admissible. Robinson v. Greene, 148 Ala. 434, 43 South. 797; Miller-Brent Lbr. Co. v. Stewart, 166 Ala. 657, 51 South. 943, 21 Ann. Cas. 1149. If evidence admissible for any purposes, the court is justified in overruling a general objection. Wallis v. Rhea & Ross, 10 Ala. 451; Rutledge v. Rowland, 161 Ala. 114, 49 South. 461; A. G. S. R. Co. v. Sanders, 145 Ala. 449, 40 South. 402. If no objection is made to the question, and the answer is responsive, a motion to exclude will not be entertained. Downey v. State, 115 Ala. 108, 22 South. 479; Rutledge v. Rowland, supra.

SOMERVILLE, J. It is clear that the evidence did not support plaintiff's replication 2, alleging that he gave notice of his illness as soon as it was reasonably possible for him to do so.

It is equally clear that, regardless of the assumption of Walker's agency for defendant for the purpose of adjusting plaintiff's claim, the evidence does not show a denial by defendant of all liability on the policy, as alleged in replication 4.

But, evidence of Walker's agency having been admitted, the issue under replication 3 could not properly be withdrawn from the jury, and the general affirmative charge for plaintiff was properly refused.

[1] The real question, therefore, is upon the admission of the testimony of plaintiff tending to show Walker's agency. An examination of this testimony discloses nothing but the hearsay statements and the conduct of Walker to show such agency, which, without independent evidence of the fact of agency, were not admissible in evidence. Postal Tel. Co. v. Lenoir, 107 Ala. 640, 643, 18 South. 266, and cases therein cited.

Nevertheless, unless seasonably and properly objected to, such hearsay evidence was sufficient to support an affirmative finding by the jury that Walker was the agent of defendant, and was authorized to adjust plaintiff's claim, and bind defendant by his conduct in the premises.

The bill of exceptions shows only three exceptions taken by defendant to rulings on plaintiff's testimony as to agency. In the first instance, there was no objection to the question, but only a motion to exclude the answer, which was responsive to the question; and no ground of objection was stated to the court. In the second instance, there was seasonable objection to the question, but no ground of objection was stated. In the third instance, there was no objection to the question, but only a motion to exclude the answer.

The rule is well settled that a motion to exclude a responsive answer may be overruled without error, where there was no objection to the question. Rutledge v. Rowland, 161 Ala. 114, 123, 49 South. 461. And, also, that where the subject of a question is relevant to the issues, a merely general objection may be properly overruled. Gilley v. Denman, 185 Ala. 561, 64 South. 97; Womack v. Myrick Lbr. Co., 200 Ala. 591, 76 South. 949.

For these reasons we cannot put the trial court in error with respect to the testimony in question.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.

On Rehearing.

SOMERVILLE, J. [2] Upon further consideration we are of the opinion that in denying the sufficiency of appellant's objections and exceptions during the examination of the plaintiff as to the agency of Walker, we indulged in a too technical treatment of the record. Instead of dealing with each objection and exception as a separate proposition, unrelated to the others, we now think the fairer and juster method is to take the entire series of questions and answers and objections, intimately related as they are, both in sense and in sequence, as an entirety; and, thus viewed, we think that defendant's counsel made the court fully and clearly acquainted with the ground of his objection to the witness' testimony as to what took place between him and Walker, and, the purpose of the rule being satisfied, it was not necessary for counsel to repeat his objection and the ground for it, every time an additional question to elicit the same illegal testimony was propounded to the witness.

The bill of exceptions shows a running colloquy which, as above stated, was logically and actually a single proposition—to elicit hearsay testimony of agency on the one side, and to exclude it, because it was not made admissible by proof of agency, on the other.

For these reasons we now grant the application for rehearing, set aside the judgment of affirmance, and, sustaining the assignments of error as to this testimony, reverse the judgment, and remand the cause for another trial.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.