### TANNER et al. v. STATE.   (4 Div. 962.)

(Court of Appeals of Alabama.   May 12, 1925. Rehearing Denied June 9, 1925.)

**I. Criminal law ⬅1169(9)—Admission of opinion evidence if erroneous held harmless.**

In prosecution of three defendants for possessing prohibited liquor, a ruling, if erroneous in permitting witness in answer to question whether defendants were in a drunken condition, to state that they were, in his judgment, otherwise they would not have been doing what they were doing, *held* harmless, where the facts to which the answer related had already been established by competent evidence.

**2. Intoxicating liquors ⬅233(1)—Evidence as to persons accompanying defendants, and conduct of latter, held properly admitted as proving contents of bottle.**

In prosecution of three defendants for possessing prohibited liquors, evidence as to what persons were with defendants at the time, and as to their conduct, *held* properly admitted as tending to prove that bottle from which the parties were drinking in fact contained prohibited liquor.

**3. Criminal law ⬅813—Requested charge which was abstract held properly refused.**

A requested charge, which was abstract, *held* properly refused.

**4. Intoxicating liquors ⬅233(1)—That three young negro women accompanied defendants, white men, in car held admissible as tending to prove possession of prohibited liquor.**

In prosecution of three defendants, white men, for possessing prohibited liquors while driving in a car, evidence that three negro women were in same car with defendants, coupled with facts that they were riding up and down the public road, drinking from the same bottle, the women sitting in the men's laps, and the men fondling and slapping the women, *held* admissible as tending to prove that the bottle contained prohibited liquor, in view of Code 1923, § 3883.

**5. Criminal law ⬅763, 764(3, 4)—Requested charges held to invade province of jury.**

In prosecution for possessing prohibited liquor, requested charges that there was no direct evidence that defendants had liquor in their possession on the occasion in question, or that the alleged liquor contained alcohol, *held* properly refused as invading province of the jury.

**6. Criminal law ⬅829(1)—Refusal to give requested charge, covered by court in oral charge, held not error.**

Refusal to give requested charge, covered by court in its oral charge, *held* not error.

Appeal from Circuit Court, Coffee County; W. L. Parks, Judge.

Tip Tanner, Perry Veasey, and Martin Burdick were convicted of possessing prohibited liquor, and they appeal. Affirmed.

Certiorari denied by Supreme Court in Ex parte Tanner et al., 213 Ala. 554, 105 So. 713.

These charges were refused to defendant:

"No. 2. The court charges the jury that before they can find defendants guilty they must be satisfied from the evidence beyond all reasonable doubt that they had prohibited liquors in their possession on the occasion in question; and it is immaterial that negro women were on the car.

"No. 3. The court charges the jury that there is no direct evidence that defendants had liquors in their possession on the occasion in question."

"No. 7. The court charges the jury that there is no evidence in the case that the alleged liquor contained alcohol."

W. W. Sanders, of Elba, for appellants.

It is error to permit a witness to testify to a conclusion. Kuhn v. State, 16 Ala. App. 489, 79 So. 394; Martin v. State, 18 Ala. App. 434, 92 So. 913; Gilbert v. State, 20 Ala. App.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

28, 100 So. 566; Wilson v. State, 17 Ala. App. 307, 84 So. 783. Charges 3 and 7 should have been given. 7 Mayfield's Dig. 346; Stephens v. State, 1 Ala. App. 159, 55 So. 940.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was no error in the admission of testimony by the witness Page. 4 Michie's Ala. Dig. 574. Charges requested by defendants were properly refused.

SAMFORD, J. [1] It is first insisted that the court committed reversible error in refusing to exclude from the jury the answer of the witness Page in answer to the question: "Were they in a drinking condition?" To which witness answered: "Well; my best judgment, I think they were, or they would not be doing as they were." The facts to which this answer related had already been established by competent evidence, which would render the ruling, if error, harmless.

[2] The court properly admitted evidence as to what persons were with the defendants at the time they are charged with possessing the whisky, and also as to the conduct of the defendants at that time, as tending to prove that the contents of the bottle from which the parties were drinking was in fact prohibited liquor.

[3, 4] Charge 1 refused to defendant was abstract. Charge 2 does not state a correct proposition of law as applied to the facts in this case. The mere fact, without other attending circumstances, that negro women were in a car with white men might not be a circumstance tending to establish guilt, but, when coupled with facts tending to prove that three young white men and three negro women were in the same car, riding up and down the public road, drinking from the same bottle, the women sitting in the men's laps, and the men fondling and slapping the women, the fact that negro women were in the car would be very material. One of the evidences of drunkenness recognized by statute is a manifestation by "indecent conduct." Code 1923, § 3883. The evidence in this case evidences this in a very high degree.

[5, 6] Charge 3 is invasive of the province of the jury. Charge 5 is covered by the court in his oral charge. Martin v. State, 125 Ala. 64, 28 So. 92; Mitchell v. State, 18 Ala. App. 471, 93 So. 46. Charge 6 was substantially covered by the court in his oral charge. Charge 7 is invasive of the province of the jury.

There is ample evidence to sustain the verdict.

We find no error in the record, and the judgment is affirmed.

Affirmed.