(105 So. 713)

### Ex parte Tip TANNER et al.　(4 Div. 229.)

(Supreme Court of Alabama.　Oct. 15, 1925.)

Certiorari to Court of Appeals.

W. W. Sanders, of Elba, for petitioners.
Harwell G. Davis, Atty. Gen., opposed.

PER CURIAM. Petition of Tip Tanner, Perry Veasey, and Martin Burdick for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in Tanner et al. v. State, 105 So. 712.
Writ denied.

ANDERSON, C. J., and SAYRE, GARDNER, and MILLER, JJ., concur.

---

(105 So. 728)

### Ex parte J. F. HOOPER.　(8 Div. 801.)

(Supreme Court of Alabama.　Oct. 15, 1925.)

Certiorari to Court of Appeals.
See, also, 105 So. 725.

Street & Bradford, of Guntersville, for petitioner.
Orr & Killcrease, of Albertville, opposed.

BOULDIN, J. Petition of J. F. Hooper for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in the case of Hooper v. Farmers' Union Warehouse Co. et al., 105 So. 725.
Writ denied.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

---

(105 So. 718)

### Ex parte CORONA COAL CO. et al.

### CORONA COAL CO. et al. v. SEXTON.

### (6 Div. 505.)

(Supreme Court of Alabama.　Oct. 15, 1925.)

**Evidence ⊗⇒471(13)—Not erroneous to permit question whether plaintiff was as able to work now as before injury.**

In action for injury sustained by reason of defendant's drug clerk selling wrong drug, it was not error to permit question of whether plaintiff was as able to work now as he was before injury.

Certiorari to Court of Appeals.

Petition of the Corona Coal Company and Weyman Hembree for certiorari to the Court of Appeals to review and revise the judgment and decision there rendered in the case of Corona Coal Co. et al. v. Sexton, 105 So. 716.　Writ denied.

The following question was propounded to plaintiff, testifying as a witness in his own behalf, the overruling of defendants' objection to which is made the basis of assignment of error numbered 2: "Q. Are you as able now to work as you were before [the alleged injury]?"

A. F. Fite, of Jasper, for appellants.

It is not necessary to repeat an objection, and the ground for it, every time an additional question to elicit the same illegal testimony is propounded to a witness. Nat. Cas. Co. v. Dunn, 209 Ala. 484, 96 So. 576.

Gray & Powell, of Jasper, for appellee.

Brief of counsel did not reach the Reporter.

PER CURIAM. No reversible error is found in the opinion and decision of the Court of Appeals. The court here notes, however, its opinion that the allowance of the question made the subject of appellants' assignment of error No. 2 on the record of appeal to the Court of Appeals was not error, and that the authority of the decision of this court in National Casualty Co. v. Dunn, 209 Ala. 484, 96 So. 576, where it was held that repeated objections to questions attempting to elicit illegal evidence are not necessary to raise the point on appeal, is not to be considered as impaired by the refusal of the writ in this case.
Writ denied.

ANDERSON, C. J., and SAYRE, GARDNER, and MILLER, JJ., concur.

---

(105 So. 725)

### Ex parte Fannie Belle MACK.　(3 Div. 728.)

(Supreme Court of Alabama.　Oct. 15, 1925.)

Certiorari to Court of Appeals.

Powell & Hamilton, of Greenville, for petitioner.
Lane & Lane, of Greenville, opposed.

PER CURIAM. Petition of Fannie Belle Mack for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in the case of Mack v. Beeland Bros. Mer. Co., 105 So. 722.
Writ denied.

ANDERSON, C. J., and SAYRE, GARDNER, and MILLER, JJ., concur.

---

⊗⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes