(107 So. 28)

## HOWTON v. STATE. (6 Div. 832.)

(Court of Appeals of Alabama. Jan. 12, 1926. Rehearing Denied Jan. 26, 1926.)

1. **Criminal law** ☞280(4)—**Plea held demurrable as not answering complaint.**

In liquor prosecution, based on affidavit naming accused by his initials and surname, plea that accused's name was not as alleged, setting out true name in full, *held* demurrable as not answering complaint.

2. **Criminal law** ☞276—**Plea objecting to jurisdiction of trial court held demurrable as not answering complaint.**

In liquor prosecution, tried in circuit court of Jefferson county, plea to the jurisdiction that warrant issued on affidavit was made returnable before circuit court of Tenth judicial circuit, and a court holden in Birmingham was demurrable as not answering the complaint.

3. **Intoxicating liquors** ☞211, 215—**Complaint charging sale or disposition and possession of liquors held sufficient.**

Complaint charging accused with having sold or otherwise disposed of prohibited liquor, and, second, that he possessed prohibited liquors, *held* sufficient.

4. **Criminal law** ☞368(1)—**Question to state witness held proper as relating to res gestæ.**

In prosecution for selling and possessing prohibited .liquor, where state witness testified that he arrested accused on a certain designated road, and that he had not seen him on that same road on the same night, question thereafter put to witness as to how long he

had been there *held* proper as part of the res gestæ.

**5. Criminal law   169(1)—Question and answer, if improperly received, held not ground for reversal as not substantially injuring accused.**

In prosecution for selling and possessing prohibited liquor, where witness testified that he arrested accused on certain designated road, and that he had not seen him on that same road on the same night, and, in response to a question as to how long he had been there, answered about two hours and a half, such question and answer, if improperly received, *held* not ground for reversal as not substantially injuring accused.

**6. Criminal law   696(2)—Accused, failing to move for exclusion of answer of witness, was not entitled to complain of admission of answer.**

Accused, failing to move for exclusion of answer of witness, was not entitled to complain of admission of answer.

**7. Criminal law   339—Question held objectionable as calling for immaterial and irrelevant matter.**

In liquor prosecution, based on affidavit naming accused by his surname and initials only, question to defendant whether affiant had not known accused's full name *held* objectionable as calling for immaterial and irrelevant matter, where affiant was not examined as witness nor summoned as such.

**8. Criminal law   753(2)—Court should not give general affirmative charge for accused, where evidence was conflicting, raising jury question.**

Court should not give general affirmative charge for accused, where evidence was conflicting, raising jury question.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

S. O. Howton was convicted of violating the prohibition law, and he appeals. Affirmed.

The prosecution was commenced by affidavit of J. I. Reeder, made before W. Frank Ball, judge of the inferior court of Bessemer, charging, first, that S. O. Howton did sell, etc., or otherwise dispose of prohibited liquors, and, second, that said Howton possessed, etc., prohibited liquors. The warrant, signed by the said judge of the inferior court, is made returnable before "the judge of the circuit court of the Tenth judicial circuit of Alabama."

Plea 1 is to the effect that defendant's name is not S. O. Howton, but that his only and true name is Samuel Olice Howton.

Plea 2 objects to the jurisdiction of the trial court, on the ground that the process is returnable to the "Tenth judicial circuit' of Alabama, and a court holden in Birmingham."

State's witness Cleere testified that he ar-rested defendant on the Ground Hog road, and that he had not seen him on that same road on the same night. Thereafter the witness was asked, over defendant's objection, how long he had been there, and answered, "About two hours and a half."

Pinkney Scott, of Bessemer, for appellant.

Defendant's plea of misnomer should have been sustained. Hewlett v. State, 135 Ala. 59, 33 So. 662. The affirmative charge should have been given. Thomas v. State, 15 Ala. App. 216, 72 So. 769.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. From a judgment of conviction for a violation of the prohibition law, this appeal was taken.

The evidence without conflict disclosed that this defendant, together with two others, his father and an uncle, were arrested on the night of April 23, 1924, while traveling in a Ford touring car on the public highway in beat 4, of Jefferson county. The proof also showed that this defendant was driving the car, and at the time they were apprehended there was a keg in the car containing 11 or 12 gallons of whisky. The defendant denied ownership, control, possession, or knowledge of the whisky, but upon the trial of his case he was convicted by the jury, who assessed a fine against him of $50, and, from the judgment, it is ascertained that the court sentenced this defendant to three months' hard labor for the county as additional punishment.

[1-3] Upon the trial, and before pleading to the merits of the complaint, the defendant interposed two special pleas, and the court sustained the state's demurrers thereto. Neither of these pleas was an answer to the complaint, the demurrers were therefore properly sustained. The complaint on its face properly charged the offense complained of.

[4-6] The first exception appearing was reserved to the action of the court in overruling defendant's objection to the question propounded by the solicitor to state witness Cleere, to wit, "How long had you been there?" The question was proper; it related to the res gestæ. Moreover, no injury to the substantial rights of the defendant resulted from the question, or from the answer given wherein the witness answered: "About two hours and a half." Furthermore, there was no motion made to exclude the answer.

[7] The next exception was taken to the court's ruling in sustaining the state's objection to the question asked the defendant while testifying in his own behalf. Defendant had testified, "I do know Reeder." He was then asked, "He knew your name to be Olice?" The objection was properly sus-

tained. "Reeder" was not examined as a witness in this case, and, so far as the record shows, was not summoned as a witness upon this trial. Under the issues before the court, the question called for immaterial and irrelevant matter.

[8] The remaining question presented is the refusal by the court to give the general affirmative charge requested by defendant in writing. The evidence was in conflict and presented a jury question. This being true, the court was without authority to give said charge. Its refusal was without error.

No error is apparent upon the record. The judgment of the circuit court will stand affirmed.

Affirmed.