252 So.2d 655

**Roland ETHERIDGE, alias**

**v.**

**STATE.**

**3 Div. 57.**

Court of Criminal Appeals of Alabama.

Sept. 14, 1971.

**234**

J. B. Nix, Jr., Evergreen, W. C. Owens, Monroeville, for appellant.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

This is an appeal from a conviction for rape. Punishment was fixed at ten years in the penitentiary.

The testimony of the prosecuting witness, Patsy Tolen Bush, tended to show she was raped by the defendant and one C. J. House, Jr., on January 9, 1970.

The defendant testified at the trial that he had sexual intercourse with the prosecutrix, but that it was with her consent. He admitted making, but denied the truthfulness of a written statement made by him to an officer of the law the day following the alleged offense. In this statement he said he and House pushed the prosecutrix to the ground; that defendant removed her jeans and underclothing; that she screamed when House started to rape her, but that defendant was holding her arm and told her to hush and be quiet, and House slapped her. Both pre-Miranda and Miranda requirements as to voluntariness of the statement were fully complied with before its introduction. (Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694.)

■ Several photographs showing scratches on the prosecutrix's face, neck, arms, shoulders, buttocks and thighs, as well as a photograph of the place where the alleged offense was said to have occurred, were introduced in evidence.

Dr. Cecil E. Price testified he was called to the hospital to examine the prosecutrix; that, with the exception of the breast area, she was covered with scratches which appeared to have been made by briars or a thorny bush, and that adherent to the body around the buttocks and into the groin area was a bunch of dead or rotten leaves; that an examination of the vagina showed that she had had sexual intercourse within the past twenty-four hours. The prosecutrix was the mother of a ten month's old illegitimate child, hence there was no question of previous virginity.

The evidence presented questions for the jury's determination and was sufficient if believed to the required degree to sustain the conviction. The defendant's motion to exclude the state's evidence and the requested affirmative charge were properly denied.

The motion for new trial was not timely filed in the trial court and is not presented here.

■ The state's proof shows that upon returning to her home the prosecutrix told her mother that the defendant and House had raped her.

The fact that complaint was made by the prosecutrix is admissible. But on direct examination such testimony is limited to the fact of the complaint. The details of the occurrence, including the identity of the person accused, are not admissible. Hall v. State, 248 Ala. 33, 26 So.2d 566.

But in this case the defendant admitted that he had intercourse with prosecutrix and with her consent, therefore defendant's rights were not prejudiced by the ruling in this case. Hall v. State, supra; Smith v. State, 40 Ala.App. 393, 114 So.2d 295.

 The prosecutrix was asked on cross examination whether or not she had previously asked defendant to allow her to come and live with him in Texas, where he was working at the time. The court sustained the state's objection to this question, but the objection came after a negative answer was made, and there was no motion to exclude the answer. Howton v. State, 21 Ala.App. 237, 107 So. 28; Haney v. State, 20 Ala.App. 236, 101 So. 533.

In brief counsel argues this testimony was admissible on the question of consent, as tending to show such intimacy as would lead to a consummation of sexual desire, citing Green v. State, 19 Ala.App. 239, 96 So. 651.

Without deciding whether such testimony was admissible on the question of consent, we simply point out that the prosecutrix was recalled to the stand by defense counsel and questioned concerning her telephone calls to defendant while he was in Houston. She admitted telephoning him, but denied telling him she would come and live with him. Defendant was recalled and testified the prosecutrix called and told him she wanted to come and stay with him in his apartment in Houston.

We find no reversible error in the record. The judgment is affirmed.

Affirmed.