Appellant was convicted of rape and sentenced to imprisonment in the penitentiary for a term of thirty years in accordance with the verdict of a jury.
The alleged victim, a twenty-year-old woman, testified that on March 6, 1974, her apartment was broken into at approximately 12:30 or 1:00 A.M.; that two men entered the apartment without her permission. *Page 764 
She said she awoke to find a man on top of her and another man standing beside her bed, both wearing stockings over their faces. She said that the man on top of her achieved penetration. She testified that appellant was the man standing by the bed while the other was raping her; that she had seen appellant on two previous occasions and recognized his voice. It was dark in the room but not completely so, by reason of some light from her stereo and a lighted digital clock. She said she called out to appellant for him to make the other stop, but that when she spoke to him, he came over and put his hand over her mouth and told her to "Shut up or they would cut her throat." She also testified that she could see through the stocking on appellant's face well enough to have recognized his face. After the two assailants left, she was taken to a hospital and examined. She thereafter found that a window and door had been broken into, that her purse had been emptied and one hundred thirty dollars was missing therefrom.
There was other evidence in the case, including testimony of defendant denying that he had been at the apartment of the alleged victim and denying any part in any breaking into her apartment or larceny or rape of her, but as it appears that there was no serious insistence on the trial, or on the hearing on the motion for new trial, or on this appeal that the evidence was not sufficient to sustain the verdict of the jury, we will not discuss the evidence further.
It is well established that a person present, aiding and abetting another in the commission of rape, is guilty as a principal and punishable equally with the perpetrator of the crime. Clayton v. State, 244 Ala. 10, 13 So.2d 420.
The victim while testifying was interrogated by counsel for the State as to her identification of defendant upon being questioned by the police whom she had called soon after the commission of the crime. The following occurred:
 "Q. All right. When they arrived, Pamela, were you asked by the police to give any type of identification?
 "MR. WALDEN: We object to what she said there at that time, Your Honor.
 "THE COURT: I believe she was asked, was she asked, and I believe that question can be answered yes or no. And then if he asks further questions, I will rule upon that. You may answer "A. Was I asked to identify someone? that question yes or no.
Yes, sir.
"BY MR. DOZIER: (Continuing)
 "Q. All right. Would you please tell the ladies and gentlemen who you identified?
 "MR. WALDEN: We're going to object to that, Your Honor.
"THE COURT: Overruled.
"MR. WALDEN: We except.
"BY MR. DOZIER: (Continuing)
 "Q. Who were the persons you identified as being present in your house at that time?
"A. Ronnie Biggs was one.
"Q. All right. You identified him from the beginning?
 "MR. WALDEN: Judge, I want to move to exclude that statement. That calls for hearsay. It is a statement made not within the presence of the Defendant where he had no opportunity to deny anything at that time.
"THE COURT: Overruled."
In a rape case, although the fact that a complaint was made is admissible, the details of the complaint, including the identification of the person accused, are not admissible. According to Judge McElroy:
 "The details or particulars of a complaint cannot be shown by the prosecution in the first instance. Therefore, complaints specifying the identity of the person accused, or specifying the injuries *Page 765 
claimed to have been received, or otherwise specifying the minute circumstances of the offense are not admissible. Barnett v. State, 83 Ala. 40, 3 So. 612; Hall v. State, 248 Ala. 33, 26 So.2d 566. . . ." McElroy, Law of Evidence in Alabama § 178.01.
To like effect is Etheridge v. State, 47 Ala. App. 233,252 So.2d 655 (1971).
We have some concern whether defendant's counsel waived his objection to the question by his failure to object to the next question which was in substance the same question to which objection was made and overruled. Applicable, we think, is what was said on rehearing in National Casualty Company v. Dunn,209 Ala. 484, 96 So. 576:
 "Upon further consideration we are of the opinion that in denying the sufficiency of appellant's objections and exceptions during the examination of the plaintiff as to the agency of Walker, we indulged in a too technical treatment of the record. Instead of dealing with each objection and exception as a separate proposition, unrelated to the others, we now think the fairer and juster method is to take the entire series of questions and answers and objections, intimately related as they are, both in sense and in sequence, as an entirety; and, thus viewed, we think that defendant's counsel made the court fully and clearly acquainted with the ground of his objection to the witness' testimony as to what took place between him and Walker, and, the purpose of the rule being satisfied, it was not necessary for counsel to repeat his objection and the ground for it, every time an additional question to elicit the same illegal testimony was propounded to the witness.
 "The bill of exceptions shows a running colloquy which, as above stated, was logically and actually a single proposition — to elicit hearsay testimony of agency on the one side, and to exclude it, because it was not made admissible by proof of agency, on the other."
Appellant also makes the point that the trial court was in error in admitting what appellant says was an offer of compromise and what the State contended was a confession. As to this, we have some doubt at this time whether defendant properly and sufficiently objected to the introduction of such evidence. In view, however, of our reversal for the reason indicated and the likelihood that the question as to the admissibility of the claimed offer of compromise will not again arise, we forego a ruling on that particular question.
For the error indicated the judgment should be reversed and the case remanded for another trial.
The foregoing opinion was prepared by Supernumerary Circuit Judge LEIGH M. CLARK serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court. The judgment below is hereby reversed and the case remanded for a new trial.
Reversed and remanded.
All the Judges concur.