Rape; sentence: forty-five years imprisonment.
During the afternoon of April 6, 1978, the prosecutrix was raped by the appellant in her apartment in Tuscaloosa. The appellant's defense was that of consent. The evidence at trial was conflicting thereby presenting a question for the jury. We need not go into the details of the act for we are convinced the evidence was sufficient to establish a prima facie case.
 I
Appellant contends that the trial court in disallowing him to question the prosecutrix as to her use of "birth control methods" infringed upon his constitutional right to confront and cross-examine the witness. He asserts that the question was material to the issue of consent. Under § 12-21-203, Code of Ala. 1975, certain procedures are outlined by which evidence reflecting upon the prosecutrix' prior sexual behavior is heardin camera and ruled upon as to its admissibility before it is presented to the jury. Many states have adopted *Page 1117 
similar "rape shield statutes" in order to encourage prosecution of rape cases without entering into a degrading exposition of the prosecutrix' past sexual behavior irrelevant to the case being tried. The in camera hearing allows the trial judge to listen to the proffered testimony outside the presence of the jury and exclude evidence of prior sexual behavior generally while admitting only evidence of her past sexual behavior directly involving the accused.
In the instant case the trial judge, pursuant to § 12-21-203, thrice offered the appellant the opportunity to present his evidence in camera on this question. The appellant initially accepted, however, later refused when the trial judge clarified his position by stating that since this was an adversary proceeding the district attorney would also be present. Had the appellant made his in camera offer of proof with the trial judge ruling as to its admissibility, we would be in a position to determine whether or not infringement upon his constitutional right to confront and cross-examine the witness occurred. Since the appellant voluntarily refused to do so, we find no justification in speculating as to what evidence the appellant was attempting to introduce or its relevancy to the issue of consent.
The appellant's question propounded to the prosecutrix was, "Were you using any kind of birth control methods?" He was given an opportunity to make an in camera showing of its relevance and in refusing to do so, he left us nothing to review. See: Jackson v. State, Ala.Cr.App. (Ms. August 21, 1979), and cases cited therein; Turley v. State, Ala.Cr.App.,356 So.2d 1238 (1978); Wilson v. State, Tex.Crim.,548 S.W.2d 51 (1977).
 II
Appellant contends that certain questions and statements made by the district attorney, taken either individually or collectively, prejudiced the jury to such an extent that he could not receive a fair and impartial trial. Consequently, he asserts that his motions for a mistrial, made after each comment, should have been granted.
 A
The district attorney's first remark concerned the physical condition of a prospective witness subpoenaed by both the appellant and the State. The district attorney stated that she was a mental patient, had been in and out of Bryce Hospital, and was taking medication which was not balanced and was making her sick. The trial judge immediately excused the jury, summoned the prospective witness, and questioned her as to her past and present physical condition. The prospective witness' answers confirmed the truth of the district attorney's prior statements. Thereafter, the trial judge, in agreeing with the appellant that any such comments would have been better handled outside the presence of the jury, stated that he doubted anything was said that would not have been asked on either direct or cross-examination. He then polled the jury to ascertain whether or not the comments had any prejudicial effect, to which no affirmative answer was given. We note that neither the appellant nor the State called the prospective witness to testify.
Where the trial court acts promptly to impress upon the jury that improper statements should not be considered by them in their deliberations, the prejudicial effect of such remarks is removed. Gavin v. State, 52 Ala. App. 469, 294 So.2d 169, cert. denied, 292 Ala. 722, 294 So.2d 170 (1974) and cases cited therein. The trial judge, in realizing the potentially damaging consequences of the district attorney's comments, acted swiftly and professionally in instructing the jury and polling them as to the prejudicial effect of such comments. We find that the trial judge's actions were not an abuse of discretion and that any error that might have arisen by the prosecutor's comments was thereby cured. Watts v. State, 53 Ala. App. 518,301 So.2d 280 (1974), and cases cited therein.
 B
Secondly, appellant contends error occurred when the district attorney addressed *Page 1118 
a question to the prosecutrix concerning whether or not she had participated in psychiatric counseling subsequent to the incident in issue.
After the district attorney had propounded the question, the trial judge sustained the appellant's general objection and instructed the jury to disregard it. The district attorney did not pursue the matter further. Shortly thereafter, and after the jury had been excused for the evening, the appellant moved for a mistrial. The following morning the trial judge, after carefully instructing the jury as to sustained questions and remarks of counsel and after polling the jury as to the prejudicial effect of such, denied the appellant's motion.
We find no prejudicial error mandating reversal in the trial judge's actions. In agreeing with the appellant, the court ruled favorably on his objection and sua sponte instructed the jury to disregard the question. The following morning, and before continuing the reception of testimony, the court polled the jury as to the possibility of prejudice and found none to exist. Consequently, the court's admonishments eradicated the potential for prejudice. Woods v. State, Ala.Cr.App.,344 So.2d 1225, cert. quashed, Ala., 344 So.2d 1230 (1977), and cases cited therein; Gavin, supra; Watts, supra.
 C
Appellant's third assertion of error involves the questioning of a State witness by the district attorney concerning the complaint made by the prosecutrix.
Peggy Raymon, a close friend of the prosecutrix, testified that immediately after being informed of the incident she and her son went directly to the prosecutrix' apartment and observed her condition. Mrs. Raymon was then asked the following question:
"Q. What complaint did she make?
"A. She said she'd been raped."
Appellant's counsel immediately objected to the statement and made motions for exclusion and mistrial. The trial judge sustained the objection and granted the motion to disregard and also instructed the jury. In addition he polled the jury as to the prejudicial effect of the statement and then denied the motion for a mistrial.
It is a well established rule in Alabama that testimony concerning the prosecutrix' complaint must be confined to the fact of the complaint. Details of the occurrence such as specifying the identity of the person accused, the injuries claimed to have been sustained, or other minute circumstances of the offense are not admissible. Hall v. State, 248 Ala. 33,26 So.2d 566 (1946); Ciervo v. State, Ala.Cr.App.,342 So.2d 394, cert. denied, Ala., 342 So.2d 403 (1976); Langford v.State, 54 Ala. App. 659, 312 So.2d 65 (1975). See: Banks v.State, Ala.Cr.App., 358 So.2d 477, cert. denied, Ala.,358 So.2d 480 (1978); Burkes v. State, Ala.Cr.App., 350 So.2d 1067, cert. quashed, Ala., 350 So.2d 1069 (1977).
In Fisher v. State, 57 Ala. App. 310, 314, 328 So.2d 311, cert. denied, 295 Ala. 401, 328 So.2d 321 (1976), a similar issue arose. In that case, the answer given to the district attorney's question was that the prosecutrix "had been raped by a colored fellow." We held that, although the trial judge sustained the defendant's objection, the statement concerning the identity of the rapist was too broad to identify any particular person as the assailant. Likewise here, in view of the actions of the trial court in sustaining the objection and in instructing and polling the jury, we find no error prejudicial to the appellant's rights resulted from the answer given. This is especially so in light of the fact that appellant admitted the intercourse but claimed it was by consent. Etheridge v. State, 47 Ala. App. 233, 252 So.2d 655
(1971).
 D
Lastly, the appellant asserts that the district attorney improperly stated in his rebuttal "`not to worry about the sentence that the Judge could grant the probation if he wanted to.'" Appellant, after the conclusion of all arguments and outside the presence of the jury, moved for a mistrial. *Page 1119 
No objection, motion to exclude, or motion for new trial was made. The district attorney denied the appellant's statement of his argument. In denying the appellant's motion, the trial judge stated that the appellant's counsel had mentioned in his closing argument the possibility of the appellant's going to prison which gave the State the right to reply. The trial judge additionally commented to counsel that probation could be granted on a sentence of ten years. (Section 15-22-50, Code of Ala. 1975, grants the circuit and district courts this discretionary authority.)
The general rule is that improper argument of counsel is not a ground for a new trial or subject to review on appeal unless there is due objection by counsel or a motion to exclude, an adverse ruling thereon by the court, or a refusal of the trial court to make a ruling. Espey v. State, 270 Ala. 669,120 So.2d 904 (1960); Jackson v. State, 260 Ala. 641, 71 So.2d 825
(1954); Washington v. State, 259 Ala. 104, 65 So.2d 704 (1953), and cases cited therein.
There are three situations wherein improper arguments of counsel may be the basis for reversal:
 ". . . The first of which is an argument which is so grossly improper and highly prejudicial as to be ineradicable by proper ruling of the judge. . . . Second, is argument which in its cumulative effect creates an atmosphere of bias and prejudice which no remarks by the trial court could eradicate. . . . It differs from the first type of improper argument in that no single remark would be sufficient justification for reversal. Instead, the cumulative nature of the remarks creates an atmosphere of prejudice which requires reversal. Finally and obviously, is prejudicial argument which the judge fails to rule on properly." (Citations omitted.) Scott v. State, 47 Ala. App. 509, 512, 257 So.2d 369
(1972).
We do not think the remark here falls within any of the above three situations.
Further, the record does not include any of the appellant's argument and only a portion of the district attorney's which the appellant summarized. In Flowers v. State, 269 Ala. 395,113 So.2d 344, the Alabama Supreme Court stated:
 ". . . that where the argument of one's counsel passes beyond the bounds of legal propriety, it is the duty of opposing counsel to object specifically, and point out substantially the language deemed objectionable; and the record should disclose with reasonable certainty what was said in the court below, in order that the appellate court may review it. . . ." (Emphasis added.)
See also: McClary v. State, 291 Ala. 481, 282 So.2d 384 (1973).
In the instant case it is apparent that neither the requisite objection nor substantial preservation of the objectionable argument necessary for appellate review were fulfilled. A mere contradicted fragment of the argument was preserved which, from the trial judge's remarks, appears to have been made in rebuttal to appellant's argument. See: Ward v. State, Ala.Cr.App., 356 So.2d 242 (1978); Huffman v. State, Ala.Cr.App., 360 So.2d 1038, affirmed, Ala., 360 So.2d 1065
(1977). We cannot say that the statement created an atmosphere of prejudice and impartiality which would render a fair trial impossible. It is clear that this is insufficient for review on appeal. See also May v. State, 42 Ala. App. 401, 166 So.2d 860, cert. denied, 277 Ala. 700, 166 So.2d 865 (1963), wherein the proper procedure for preservation of error for appeal occurring within closing argument is illustrated.
 E
It is also apparent that, collectively, the above discussed questions and remarks did not prejudice the jury to such an extent that reversal of this cause is mandated. In reviewing inflammatory questions or remarks by counsel which may result in irreparable *Page 1120 
prejudice, we have stated that no legal standard exists by which to judge the effect of such. Each case must be determined on its own merits with deference given to the issues, parties, and general circumstances of the particular case. Hurst v.State, Ala.Cr.App., 356 So.2d 1224 (1978), and cases cited therein; Harrison v. State, Ala.Cr.App., 340 So.2d 849, cert. denied, Ala., 340 So.2d 854 (1976), and cases cited therein. "No one has a better vantage point from which to observe the parties, the issues and the general circumstances than the trial court and great weight should be accorded its determination." Harrison, supra, at 852.
There is no doubt that the cumulative prejudicial effect of all of the questions and remarks by the district attorney was cured by the trial judge's prompt and thorough action. It should be noted that no error existed in the trial judge's actions concerning the district attorney's question dealing with the prosecutrix' complaint as well as his remark in his closing argument. Only in the district attorney's question to the prosecutrix about her receiving psychiatric counseling and statement concerning the competency of a witness to testify was the possibility of prejudice present. After a comprehensive review of the record and in light of the trial judge's swift action, we cannot say that the appellant was prejudiced by such remarks.
 III
Appellant's last contention centers upon the authority of the trial judge to determine his punishment. Appellant asserts that § 13-1-130, Code of Ala. 1975, unconstitutionally deprived him of a protected aspect of the right to trial by jury through its omission of language bestowing upon the jury the right to fix punishment.
Title 14, § 395, Code of Ala. 1940, Recompiled 1958, states:
 "Any person who is guilty of the crime of rape shall, on conviction, be punished, at the discretion of the jury, by death or imprisonment in the penitentiary for not less than ten years." (Emphasis added.)
Prior to Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d .346 (1972), rape was considered a capital offense punishable, at the discretion of the jury, by death. Furman
held such discretion, either in the judge or jury, violative of the Eight Amendment's guarantee against cruel and unusual punishment. Consequently, our 1975 codification of this statute (§ 13-1-130) necessarily omitted the death penalty as punishment as well as the discretionary authority placed in the jury to fix punishment. The new Code did not adopt the 1940 Code's sentencing authority provision. This modification occurs throughout the related sexual offenses statutes. Sections 13-1-133, -135, Code of Ala. 1975. Consequently, § 13-1-130 must be read in conjunction with § 15-18-20, Code of Ala. 1975, which states:
 "When an offense is punishable by imprisonment in the penitentiary or hard labor for the county, the court must impose the term of punishment, unless the power is expressly conferred on the jury." (Emphasis added.)
The trial court has also been granted the authority to impose a life sentence. Section 15-18-23, Code of Ala. 1975.
Therefore, unless the jury is expressly invested with the authority to sentence, the power lies exclusively in the trial judge. The jury is not authorized to fix punishment for rape under § 13-1-130, supra. That authority rests in the trial judge alone. Thus, appellant's argument is without merit. See:Trone v. State, Ala.Cr.App., 366 So.2d 379 (1979); Burton v.State, 364 So.2d 394, cert. denied, Ala., 364 So.2d 397 (1978);Taylor v. State, Ala.Cr.App., 361 So.2d 1189 (1978).
AFFIRMED.
All the Judges concur. *Page 1121